IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES D. DURHAM,<br><br>          Plaintiff,<br><br>     v.<br><br>QUADRAMED CORPORATION and DOES 1 through 10,<br><br>          Defendants.<br>_____/ | No. C 04-0429 CW<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS AND FOR ENTRY OF JUDGMENT |

    Plaintiff James D. Durham moves for attorneys' fees and costs and for entry of judgment. Defendant Quadramed Corporation opposes the motion for attorneys' fees and costs and contends that the Court should award Plaintiff no more than one-half of the amount of attorneys' fees that Plaintiff requests. The matter was taken under submission on the papers. Having considered the parties' papers and the evidence cited therein, the Court GRANTS Plaintiff's motion for attorneys' fees and

costs and for entry of judgment.

## BACKGROUND

On January 30, 2004, Defendant removed this action from the Marin County Superior Court. On the same day, in this Court, Plaintiff filed his first amended complaint. That complaint contained two causes of action for breach of contract and breach of the covenant of good faith and fair dealing arising from a contract for a retirement benefits plan. Also on January 30, 2004, Defendant filed a counter-claim for declaratory relief. On March 23, 2004, the parties entered into a stipulated agreement that Plaintiff would file a second amended complaint, which he did on April 2. Plaintiff's second amended complaint contained a single cause of action for breach of contract.

On December 6, 2004, the Court issued an order that, <u>inter alia</u>, granted Plaintiff's motion for summary judgment on his claim for liability under the contract. The Court also granted Plaintiff summary judgment on Defendant's counter-claim. On February 6, 2005, the Court issued an order describing the appropriate methodology for calculating Plaintiff's damages award under the retirement plan. The parties now agree that the damages award, including interest, will be $4,703,293 on May 6, 2005.

The retirement benefits plan at issue in this action contains a fee-shifting clause which provides that the prevailing party in any action arising from enforcement of the plan is entitled to reasonable attorneys' fees. On March 30, 2005, Plaintiff filed this motion for $320,490.39 in attorneys'

2

fees, $43,346.43 in costs, and entry of judgment in the amount of $5,067,129.82.

DISCUSSION

"In a diversity action the question of attorney's fees is governed by state law." Klopfenstein v. Pargeter, 597 F.2d 150, 152 (9th Cir. 1979). "A federal court sitting in diversity applies state law in deciding whether to allow attorney's fees when those fees are connected to the substance of the case." Price v. Seydel, 961 F.2d 1470, 1475 (9th Cir. 1992).

"In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs." Cal. Civ. Code § 1717(a). "[T]he party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract. The court may also determine that there is no party prevailing on the contract for purposes of this section." Cal. Civ. Code § 1717(b)(1).

"[T]he party who obtains a favorable judgment is deemed to be the prevailing party even though he did not successfully obtain all the relief which he sought in the action." In re Sparkman, 703 F.2d 1097, 1100 (9th Cir. 1983) (citing Epstein v. Frank, 125 Cal. App. 3d 111, 124-125 (1981)). In deciding

3

whether there is a prevailing party, the Court compares the relief awarded with the parties' demands and their litigation objectives. Hsu v. Abbara, 9 Cal. 4th 863, 876 (1995). "[W]hen the results of the litigation on the contract claims are not mixed -- that is, when the decision on the litigated contract claims is purely good news for one party and bad news for the other . . . a trial court has no discretion to deny attorney fees to the successful litigant." Id. 875-876.

Plaintiff maintains that he is entitled to reasonable attorneys' fees because he is the prevailing party; the Court granted him summary judgment on the only claim for relief in his second amended complaint and on Defendant's sole counterclaim. Moreover, the parties agree that Plaintiff is entitled to more than $4 million in damages for breach of contract. Defendant, however, argues that Plaintiff's requested attorneys' fees should be discounted by at least fifty percent because he did not prevail on the following issues and claims: (1) Plaintiff's claim for breach of the covenant of good faith and fair dealing in the first amended complaint, (2) Plaintiff's contention that a higher multiplier should have been used to calculate damages, and (3) a motion to compel filed by Plaintiff during the course of litigation. Defendant also argues that Plaintiff did not recover substantially more than Defendant's offer of judgment.

Defendant contends that it prevailed on Plaintiff's claim that Defendant breached the covenant of good faith and fair dealing, arguing that Plaintiff stipulated to amend his complaint only after Defendant filed a motion to dismiss.

4

However, as Plaintiff notes, Defendant moved to dismiss the second cause of action on the ground that it was superfluous; Plaintiff could not recover any damages under that claim that he would not otherwise have been entitled to under the breach of contract claim.  In short, dropping the second claim for relief did not affect the amount of damages to which Plaintiff was entitled from a favorable judgment.  Thus, this issue does not alter the Court's prevailing party analysis.

Defendant also argues that Plaintiff did not prevail in securing a higher multiplier than the .50 that was ultimately used.  However, as Defendant acknowledges in its opposition papers, Plaintiff, in both his first and second amended complaints, stated that either a .50 or a .65 multiplier could be used in calculated the damages award, depending on the interpretation of the contract by the Court.  Moreover, Defendant further acknowledges that, in Plaintiff's motion for summary judgment of liability under the contract, he argued that he was entitled only to the .50 multiplier.  Plaintiff also asserted the .50 multiplier in his motion for partial summary judgment on the methodology for calculating damages.  Defendant has not shown that Plaintiff is not the prevailing party as a result of failing to secure a higher multiplier.

Defendant's third argument, that Plaintiff failed to prevail completely in his motion to compel discovery, is also not well-taken.  On September 10, 2004, Magistrate Judge Joseph Spero granted in part and denied in part a motion to compel discovery filed by Plaintiff.  Defendant provides no legal

5

1  authority, and the Court knows of none, holding that the
2  granting in part of an interlocutory discovery request justifies
3  the reduction of reasonable attorneys' fees for the moving
4  party.

5  Defendant's fourth argument, that Plaintiff did not recover
6  substantially more than Defendant's offer of judgment, is not
7  persuasive.  Defendant argues that it offered Plaintiff just
8  over $1.5 million in cash and forgiveness of an unrelated debt
9  in the amount of approximately $2.6 million.  Thus, according to
10 Defendant, its offer of judgment amounted to about $4.1 million.
11 However, Defendant acknowledges that the $2.6 million offset
12 does not relate to any debt that Plaintiff owes to Defendant,
13 but rather to a claim against a trust that is not a subject of
14 this litigation.  Thus, Defendant's offer of judgment was
15 substantially less than Plaintiff's damages award in this
16 action.  Again, Defendant has failed to show that Plaintiff is
17 not the prevailing party.

18 Under the law of the State of California, where a contract
19 so provides, the prevailing party is entitled to reasonable
20 attorneys' fees.  Cal. Civ. Code § 1717(a).  Here, Plaintiff is
21 the prevailing party, having been granted summary judgment on
22 his claim for liability against Defendant and on Defendant's
23 counterclaim against him.  Because Defendant has not shown that
24 Plaintiff was not the prevailing party in this action, and
25 because the amount of attorneys' fees and costs that Plaintiff
26 requests is reasonable (Defendant has made no argument that they
27 are not), the Court must grant Plaintiff's motion for attorneys'
28

6

fees and costs and for entry of judgment.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion for attorneys' fees and costs and for entry of judgment (Docket No. 114). Plaintiff is entitled to $4,703,293 in damages, $320,490.39 in attorneys' fees, and $43,346.43 in costs, a sum that will total $5,067,129.82 on May 6, 2005. The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

Dated: 5/6/05                           /s/ CLAUDIA WILKEN
                                        CLAUDIA WILKEN
                                        United States District Judge